### E. J. MARTIN v. THE STATE.

No. 11289.    Delivered December 21, 1927.

**1.—Robbery—Charge of Court—On Principals—Proper.**

Where, on a trial for robbery it being shown that the robbery was perpetrated by appellant and two others, the court properly submitted the law of principals in his charge to the jury.

**2.—Same—Evidence—Not Opinion of Witness—Properly Admitted.**

There was no error in permitting a witness to testify that a person sitting in a car in front of the Browder store (the place robbed) could see the cash drawer in the store. This was not the opinion of the witness, but of a fact within his knowledge.

**3.—Same—Continued.**

Nor was it error to permit a witness to testify that the Ford car captured and brought back by the officers was the same car which witness had seen parked in front of the place that was robbed.

**4.—Same—Evidence—Statement of Accused—Res Gestae—Harmless Error.**

Where a res gestae statement of the accused made to the officers when arrested that he had been in Weatherford to see a man's wife was admitted, if error it was not of sufficient gravity to call for a reversal.

Appeal from the District Court of Parker County. Tried below before the Hon. F. O. McKinsey, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

The opinion states the case.

*T. F. Temple* of Weatherford, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery, punishment five years in the penitentiary.

We think the facts amply show the guilt of appellant. Walter Browder was held up in his store in Weatherford, Parker County, and more than fifty dollars taken from him. The robber had and exhibited a pistol. Shortly before the actual occurrence, a car had driven up and stopped in front of the store of Browder. He went to the car to find out if the parties wanted anything, and testified that appellant and another man were in the car. At that time Mr. Lowrey was in the store. When Lowrey left one of the men got out of the car in question and came in the store and committed the robbery. Browder testified that when his assailant got to the door the engine in the car started, the car backed up and started off, and that the robber got in the car just as it went off north toward Fort Worth Street. Browder positively identified appellant as being the man who was at the wheel driving the car. A one-armed man by the name of Stringfellow was seen around Weatherford several times during that evening and night in company with a man whose name was given as Stamford. Stringfellow had a pistol, and he and Stamford were in a drug store together and left and went and got into a car. The witness who gave this testimony said there was another man out in the car and that the parties left together and went south. Officers who received information of the robbery a few minutes after it took place testified that they went down the street indicated by Mr. Browder as that taken by the robber and his companion. They went rapidly some distance out and then stopped and placed themselves where they could intercept passing cars. They stopped several cars, but satisfied themselves about the drivers. Presently a car came by which, upon their request, was not stopped, but drove faster. The officers pursued this car and presently began firing at the casings. They said they saw some one getting out of the car, and upon reaching the point they found the man Stringfellow who said that the car which had passed knocked him out of the road. One of the officers appears to have stayed with Stringfellow and the other continued chasing the car, which he overtook about a mile farther down the road. The car had a flat tire. It was being driven by appellant. The third party supposed to be in the

car was not captured. The state offered in evidence a written statement made by appellant that night in which he said he came from Fort Worth to Weatherford on the night of the alleged robbery with Stringfellow and a man by the name of Stamford for the purpose of getting some morphine. Mr. Browder did not claim the robbery to have been committed by a one-armed man.

The court submitted the case to the jury upon the law of principals and instructed the jury that in order to convict appellant they must believe beyond a reasonable doubt that the robbery was committed by the party named in the evidence as Stamford and that appellant was present aiding, advising, and assisting Stamford, and that there had been a previous agreement on their part to commit the robbery. He instructed the jury that if they had a reasonable doubt as to the presence of the appellant at the time and place of the robbery, or if they had a reasonable doubt as to the fact that he had agreed and assented with said Stamford to commit the robbery, they should acquit.

There are three bills of exception in the record. The first complains that a witness was permitted to say that a person sitting in a car in front of the Browder store could see the cash drawer in the store. This was objected to as being a supposition. As we understand the testimony of the witness, he stated positively that it could be seen. This would seem to be knowledge.

Another bill of exceptions complains that a Ford car brought back to Weatherford from the point where the appellant was arrested was the same car which witness had seen parked in front of Walter Browder's place of business. The objection was that the form of the question was whether it was the witness' judgment that it was the same car. We might forego discussion of the form of the question because the answer of the witness to the question was as follows: "It was the same." However, we are not in accord with complaint of a question which calls for the best judgment of a witness as to a thing he has seen.

The remaining bill of exceptions complains of the fact that when arrested appellant said to the officer that he did not want to go back to Weatherford because he had been up there to see a man's wife. Granting that part of said answer was of doubtful admissibility, we are constrained to believe it not of material injury to appellant's case. Said answer related to a matter not connected with the alleged robbery in any way, and

shed no light upon any issue involved in same. The jury gave to appellant the lowest penalty, thus evidencing a freedom from any prejudice which might have resulted from the admission of the statement that appellant was in Weatherford to see a man's wife. The evidence showing his guilt being plain, and the jury having given him the lowest penalty, we are not led to believe that the error of the reception of the testimony complained of in said bill of exceptions, of sufficient gravity to call for reversal.

Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*